UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )   Case No._____
                                         )
                                         )   NOTICE OF INTENT TO Sell Real or
                                         )   Personal Property, Compensate Real Estate
                                         )   Broker, and/or Pay any Secured Creditor's Fees
                                         )   and Costs; Motion for Authority to Sell Property
                                         )   Free and Clear of Liens; and Notice of Hearing
                                         )   [**Note**: Do not use to sell personally identifiable
Debtor(s)                                )    information about individuals!]

NOTICE IS GIVEN THAT _____, the
_____ (i.e., debtor, trustee, etc.), intends to sell the property described below and moves for authority to sell said property free and clear of liens pursuant to 11 USC §363(f). The movant's name, address, and telephone # are: _____
_____.

If you wish to object to any aspect of the sale or fees disclosed in ¶7 or ¶15 you must: (1) attend the hearing set in ¶16 below and, (2) within 23 days of the later of either (a) the date next to the signature below; or (b) the service date in ¶17 below, file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", at 1001 SW 5th Ave. #700, Portland OR 97204; or if it begins with "6" or "7", at 405 E 8th Ave #2600, Eugene OR 97401): (a) a written response stating the specific facts upon which the objection is based, and (b) proof that a copy of the response was served on the movant.

This document shall constitute the notice required by LBR 2002-1. (COMPLETE ALL SECTIONS.)

1. The specific subsections of 11 USC §363(f) movant relies upon for authority to sell the property free and clear of liens are:

2. Buyer's Name & Relation to Debtor:

3. General description of the property (NOTE: If real property, state street address here. Also attach legal description as an Exhibit to the original filed with the court):

4. A copy of the full property description or inventory may be examined or obtained at:

5. The property may be previewed at (include time and place):

6. Other parties to the transaction and their relationship to the debtor are:

7. Gross sales price: $_____. All liens on the property total: $_____, of which Movant believes a total of $_____ need not be paid as secured claims (because the lien is invalid, avoidable, etc., the lienholder consents to less than full payment, or part or all of the underlying debt is not allowable). Secured creditor(s) also seek(s) reimbursement of $_____ for fees and costs. Total sales costs will be: $_____. All tax consequences have been considered and it presently appears the sale will result in net proceeds to the estate after payment of valid liens, fees, costs and taxes of approximately: $_____.

8. The sale   is    is not (**mark one**) of substantially all of the debtor's assets. Terms and conditions of sale:

9. Competing bids must be submitted to the movant no later than (date) _____, and must exceed the above offer by at least _____ (and be on the same or more favorable terms to the estate).

10. Summary of all available information regarding valuation, including any independent appraisals:

11. If ¶7 indicates little or no equity for the estate, the reason for the sale is:

    and expenses and taxes resulting from the sale will be paid as follows:

12. (Ch. 11 cases only) The reason for proposing the sale in advance of approval of a plan of reorganization is:

13. The following information relates to lien holders (who are listed in PRIORITY order):

| Name | Service Address (See FRBP 7004) | Approximate Lien Amount | Indicate Treatment at Closing (i.e., Fully Pd., Partially Pd., or Not Pd.) |
|---|---|---|---|

14. Any liens not fully paid at closing shall attach to the sale proceeds in the same order of priority they attach to the property. Any proceeds remaining after paying liens, expenses, taxes, commissions, fees, costs or other charges as provided in this motion, shall be held in trust until the court orders payment.

15. [If real property]  The court appointed real estate broker, _____,
will be paid _____.

16. **A HEARING ON THIS MOTION AND ANY OBJECTIONS TO THE SALE AND/OR FEES WILL BE HELD**
ON _____ AT _____ IN _____
_____ and testimony will be received if offered and admissible.

17. [Unless movant is a Ch. 7 trustee]  I certify that on _____ a copy of this document was served, pursuant to FRBP 7004, on the debtor(s), trustee, if any, U.S. Trustee, each named lien holder at the address listed above, Creditors' Committee Chairperson, if any, and their respective attorneys; and that a copy was also served that date, pursuant to FRBP 2002(a), on all creditors and parties requesting special notice as listed in the Court's records that were obtained on _____, a copy of which is attached to the original document filed with the Bankruptcy Court.

18. FOR FURTHER INFORMATION CONTACT: _____
_____.

DATE: _____           _____
                           Signature & Relation to Movant

                           _____
                           (If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

760.5 (7/2/12) **Page 2 of 2**

# MEET ME LINE HEARING PROCEDURES

No later than the hearing time shown above, all parties are required to call in and connect to the "meet-me" telephone hearing line at 503-326-6337. When connected, enter the 3-digit *id no.* "444" *followed by* the "#" key.   [Notes: (a) do not call more than 5 minutes before this hearing, AND (b) If you have problems connecting, call the court at 503-326-1510 for a PORTLAND office case OR 541-431-4005 for a EUGENE office case.]

Participants **MUST COMPLY WITH EACH REQUIREMENT** listed below:

a. You must, no later than the time set above, either call the "meet-me" line using the instructions above
for this hearing date, or personally appear in the judge's courtroom. The court will not call the parties.

b. Do not use a speaker phone, cell phone or headset! You may be asked to call from another telephone
if your phone causes static or has excessive background noise, etc., or the signal is weak or drops.

c. You must take all necessary steps to ELIMINATE BACKGROUND NOISE, such as shutting the door, turning off music, not putting the court on hold if it will result in music or other noise, not talking to third parties, using a "Do Not Disturb" button so the telephone/intercom will not ring, positioning the telephone to minimize paper rustling, and keeping all nonparticipants in the room quiet.

d. Do not introduce yourself until the court calls your specific hearing. Simply stay on the line, even if there is only silence, until the judge appears, and then continue to listen quietly until your hearing is called.

e. Whenever speaking, you must first identify yourself.

f. Do not be late. The judge will handle late calls the same as (s)he would a late appearance in court. If the case has already been called, the judge will likely decline to revisit any decision that was made when the case was called.

Failure of the movant/plaintiff to appear at the scheduled time may result in denial of the relief requested, and failure of the respondent/defendant may result in the court granting the relief requested.

///